UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

In re:

DANIEL T. COXETER &
SUSAN A. COXETER,                                                  Case No. 05-19146
                                                                                    Chapter 13
                Debtors.
--------------------------------------------------------
APPEARANCES:

BARBARUOLO LAW FIRM, PC                           Barbara Whipple, Esq.
*Attorney for Debtors*
12 Cornell Road
Latham, NY 12110

SCHILLER & KNAPP, LLP                             William B. Schiller, Esq.
*Attorneys for Movant*
950 New Loudon Road, Suite 300
Latham, NY 12110

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the court is the motion filed by the Estate of Jaap Penraat (the "Penraat Estate") to reconsider the court's order of April 15, 2008 disallowing its claim against debtors Daniel T. and Susan A. Coxeter (the "Coxeters") pursuant to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008.[1]  For the reasons set forth below, the court grants the Penraat Estate's motion.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(A) and (B), and 1334(b).

---

[1] This case was filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Thus, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2004), unless otherwise indicated. All rule references are to the Federal Rules of Bankruptcy Procedure unless otherwise noted.

1

## FACTS

The relevant facts are not in dispute.[2]

1. The Coxeters commenced this Chapter 13 proceeding by filing a petition and plan on October 14, 2005.

2. The Coxeters' attorney at the time of filing was Kieran P. Broderick, Esq. The Barbaruolo Law Firm, P.C. was substituted as counsel for the Coxeters in or about June 2007.

3. The Coxeters included Jaap Penraat on Schedule F of their petition as a creditor holding an unsecured claim in the amount of $360,739.31. The claim was not listed as disputed.

4. John P. Kingsley, P.C., appearing by and through E. Lisa Tang, Esq., of Counsel, filed a Notice of Appearance on November 4, 2005. For purposes of the appearance, service by mail was to be directed to John P. Kingsley, P.C., 329 Main Street, Catskill, New York 12414, and electronic notices were to be sent to Attorney Tang's email address.

5. Attorney Kingsley, by and through Attorney Tang, of Counsel, filed a timely proof of claim on behalf of Jaap Penraat in the amount of $526,884.41 on March 8, 2006. The name and address on the proof of claim for notices is John P. Kingsley, P.C., 329 Main Street, Catskill, New York 12414. (Am. Mot. to Reconsider (Doc. No. 70) Ex. A.)

6. The claim of Jaap Penraat is based upon a post-trial order and judgment granted August 14, 1998 by the Supreme Court of the State of New York for Greene County in the amount of $360,739.31. The judgment was docketed on November 19, 1998, and a transcript of the judgment was filed in the Schenectady Count Clerk's Office on December 20, 1999.

7. On March 8, 2006, Attorney Kingsley, by and through Attorney Tang, of Counsel, filed an objection to confirmation on behalf of Jaap Penraat.

8. On March 9, 2006, the Chapter 13 Trustee filed an objection to confirmation. The Trustee's objection was ultimately resolved.

9. After numerous adjournments, a confirmation hearing was held on January 29, 2007. At that time, the court overruled Jaap Penraat's objection for failure to appear and prosecute, and the Coxeters' Chapter 13 plan was confirmed.

10. The Coxeters' confirmed plan is a "step up" plan with a sixty-month term. The plan provides for the payment of delinquent real estate taxes and a dividend of not less than 10 percent for unsecured creditors.

---

[2] The facts are gleaned from the joint Stipulation of Facts (Doc. No. 73) and the parties' submissions.

11. The order confirming the Coxeters' plan was entered August 30, 2007. No appeal was filed, and there is no allegation of fraud that would allow the confirmation order to be reviewed.

12. The confirmation order does not specifically address Jaap Penraat's claim nor does it contain any determination of the value of the Coxeters' real property or address the avoidance of any liens.

13. The Coxeters filed a motion objecting to Jaap Penraat's claim on March 6, 2008 (the "Claim Objection"). A hearing on the Claim Objection was set for April 10, 2008.

14. According to the certificate of service filed by the Coxeters' attorneys, on March 7, 2008, the Claim Objection was served by mail upon Attorney Kingsley, 329 Main Street, Catskill, New York 12414, and the Chapter 13 Trustee. (Doc. No. 36.) Although there is no certificate of service filed indicating that Attorney Tang was served with the Claim Objection, the parties stipulated that Attorney Tang was served electronically via the court's CM/ECF system.

15. The Coxeters assert in the Claim Objection that (1) the interest on the judgment amount was miscalculated; (2) prior to the state court rendering its order and judgment, Mr. Penraat received some compensation from the Lawyers Fund for Client Protection; and (3) Mr. Penraat failed to provide evidence that his claim was properly secured by personal property. (Doc. No. 34.)

16. Prior to the return date of the Claim Objection, Attorney Kingsley contacted Attorney Tang and requested that she respond to the Claim Objection as local counsel to his office. (Kingsley Affid. (Doc. No. 62 Ex. C) ¶ 2.) Mr. Kingsley expected Ms. Tang to file any required pleadings and attend all hearings with respect to the Claim Objection. (Kingsley Affid. ¶ 3.)

17. Jaap Penraat neither appeared at the scheduled hearing on the Claim Objection nor filed opposition papers. As a result, the Claim Objection was granted by default.

18. On April 15, 2008, an order was entered disallowing the claim of Jaap Penraat.

19. The certificate of service filed with the court indicates that on April 18, 2008, the order disallowing claim was served by mail upon John P. Kingsley, Esq., 329 Main Street, Catskill, New York 12414, and the Chapter 13 Trustee. (Doc. No. 52.) Although there is no certificate of service filed indicating that Attorney Tang was served with the order, the parties stipulated that Attorney Tang was served electronically with the order via the court's CM/ECF system.

20. On May 20, 2008, Attorney Kingsley, by and through local counsel, Schiller and Knapp, LLP, filed this motion on behalf of the Penraat Estate to reconsider the order disallowing claim pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Federal Rules of Bankruptcy Procedure 9023 and 9024.

3

21. On October 17, 2008, the motion to reconsider was amended to include § 502(j) and Rule 3008 as a basis for relief.

22. After oral argument, the issuance of a briefing schedule and the filing of the parties' submissions, the court conferenced this matter on several occasions. A final conference was held on November 2009, at which time the motion was taken under advisement.

## ARGUMENTS

The Penraat Estate argues that its failure to respond to the Coxeters' motion objecting to claim was due to excusable neglect and, thus, the court should reconsider the disallowance of its claim. Both parties assert that the court should apply the standard for excusable neglect annunciated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993). In applying these factors, the Coxeters argue that there was no excusable neglect on the part of the Penraat Estate, and the motion should be denied.

## DISCUSSION

Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). A party may move for reconsideration under Rule 3008, which provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008. Section 502(j) does not set out an explicit standard for evaluating cause for reconsideration, but does provide that "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). It is within the discretion of the court to determine whether to reconsider its prior order, and in doing so it must determine if "cause" exists to warrant reconsideration. The Code is silent on what is appropriate cause for reconsideration, but many courts, including one of our sister bankruptcy courts in the Northern District, have found that cause under § 502(j) should be determined using

4

the same standards enumerated in Federal Rule of Civil Procedure 60(b).[3] *In re Enron Creditors' Recovery Corp.*, No. 01-16034, 2007 WL 2480531, at *4 (Bankr. S.D.N.Y. Aug. 28, 2007) (citations omitted); *In re O.W. Hubbell & Sons, Inc.*, No. 90-02053, slip op. at 6 (Bankr. N.D.N.Y. Sept. 22, 1994) (citations omitted), *aff'd*, 180 B.R. 31 (N.D.N.Y. 1995). The court agrees that in evaluating a motion for reconsideration under § 502(j), the standard for relief outlined in Rule 60(b) should be used.

Excusable neglect is not defined by either the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, nor is it defined in the Code. As a result, the courts have developed their own standards for a finding of excusable neglect. The parties assert that the applicable excusable neglect standard in this case is the one laid down by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993).

In *Pioneer*, the creditors sought an extension of the bar date for filing late proofs of claim alleging excusable neglect. *Id.* at 384. The Court concluded that the determination of what neglect is *excusable* "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" including: "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395 (footnote omitted). In developing these criteria, the Court acknowledged that the "excusable neglect" standard is used elsewhere in the Federal Rules of Civil Procedure including Federal Rules 6(b), 13(f), and 60(b). *Id.* at 391, 392 & n.10, 393-94. Thus, although this standard was developed in the context of excusable neglect under Rule 9006, which permits an extension of time for filing of claims, courts have also applied the standard in the context of

---

[3] Federal Rule of Civil Procedure 60(b) is incorporated, in its entirety, by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

5

motions to reconsider under § 502(j) and Rule 3008. *See, e.g.*, *In re Johansmeyer*, 231 B.R. 467 (E.D.N.Y. 1999); *Hubbell*, No. 90-02053 (Bankr. N.D.N.Y. Sept. 22, 1994), *aff'd*, 180 B.R. 31.

While there is a trend towards applying the *Pioneer* excusable neglect standard in matters under § 502(j), the court believes that the posture of this case warrants a slightly different approach to excusable neglect than that annunciated in *Pioneer*. The Second Circuit, in a post-*Pioneer* opinion, developed a different, and somewhat less stringent, standard for excusable neglect in cases where a party sought to have a default judgment set aside. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996). The *American Alliance* court determined that, in the default judgment context, three criteria were relevant to a determination to vacate a judgment: " '(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.' " *Id.* at 59 (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)). This standard omits inquiry into the reason for delay—an inquiry that has been recognized to be the most important element of the *Pioneer* test and also the element that is most likely to counsel against reconsideration. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d. Cir. 2003).

The Southern District of New York has embraced the *American Alliance* standard in evaluating excusable neglect in the context of reconsidering claims under § 502(j), and the District of Connecticut has recognized its applicability. *In re Enron Creditors' Recovery Corp.*, No. 01-16034, 2007 WL 2480531 (Bankr. S.D.N.Y. Aug. 28, 2007); *In re Enron, Inc.*, 326 B.R. 46 (Bankr. S.D.N.Y. 2005); *In re Enron, Inc.*, 325 B.R. 114 (Bankr. S.D.N.Y. 2005); *In re Colonial Realty Co.*, 202 B.R. 185 (Bankr. D. Conn. 1996). This standard is more appropriate to the matter at hand than the *Pioneer* standard as it originated in the context of challenging default judgments, which is essentially what the Penraat Estate is attempting. *See In re Suprema*

6

*Specialties*, 330 B.R. 40, 51 (S.D.N.Y. 2005) (finding that the *American Alliance* standard for excusable neglect was better suited than the *Pioneer* standard where the movant sought relief from default judgment).

The *Pioneer* court noted that excusable neglect is a somewhat "elastic concept" and that the phrase does not have identical meanings in all contexts. *Id.* (citing *Pioneer*, 507 U.S. at 392). This observation, that certain neglect may be excusable in some contexts and not in others, indicates that the court should first look to the context of the motion and then determine how much leeway to grant a remiss party. There is a preference in American jurisprudence that matters should be resolved on their merits, and not by procedural fiat. *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (citation omitted). Moreover, as the *American Alliance* court noted, " 'the basic purpose of default judgment is to protect parties from undue delay-harassment.' " *Am. Alliance*, 92 F.3d at 61 (quoting *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975), *cert. denied*, 425 U.S. 904 (1976)). This purpose should remain at the heart of any reconsideration of claims disallowed by default. Thus, in light of the foregoing the court embarks on an analysis of the Penraat Estate's argument that its neglect was indeed excusable and that reconsideration of the disallowance of its claim is warranted. The court shall address each element of the standard in turn.

*Willfulness*

In determining willfulness, the Second Circuit indicated "it will look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or litigant's error." *Am. Alliance*, 92 F.3d at 60. The *American Alliance* court saw "no reason to expand this [c]ourt's willfulness standard to include careless or negligent errors in the default judgment context." *Id.* at 61. Furthermore, while a finding of gross

7

negligence may weigh somewhat against granting reconsideration, the court concluded that inexcusable conduct must be willful, deliberate, or show evidence of bad faith. *Id.* This not withstanding, the Second Circuit has also found "a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Am. Alliance*, 137 F.3d at 60-61).

The Penraat Estate argues that the excusable neglect was that of Attorney Kingsley, who as attorney of record was responsible for overseeing the case. As a general rule, an attorney's acts or omissions are imputed to his client. *See S.E.C. v. McNulty*, 137 F.3d. at 739. Thus, in determining whether the conduct at issue was willful, the court will treat Attorney Kingsley's conduct as conduct of the Penraat Estate. Both parties acknowledge that there is no clear evidence of bad faith in this case. This certainly weighs in favor of reconsideration under the willfulness standard. Nevertheless, it is undisputed that the Penraat Estate received adequate and sufficient notice of the Claim Objection and the hearing date. Attorney Tang was allegedly contacted by Attorney Kingsley to represent the Penraat Estate in connection with the Claim Objection and failed to meet her obligations. The court is offered no explanation for her failure. The court takes judicial notice, however, of the fact that Attorney Tang was suspended from practice before the United States Bankruptcy Court for the Northern District of New York.[4] Notably, this suspension coincides with the time period in which the Coxeters' filed the Claim

---

[4] Upon Attorney Tang's failure to appear on an Order to Show Cause in another matter, the court issued an order on October 4, 2007 holding her in contempt, suspending her indefinitely from practice before the United States Bankruptcy Court for the Northern District of New York, terminating her ECF registration, and referring the matter to the New York State Committee on Professional Standards for the Third Department. *In re Stewart*, No. 01-15074 (Bankr. N.D.N.Y. Oct. 4, 2007) (Doc. No. 77). The court also issued an Order to Show Cause in a second case which resulted in a Stipulation in writing by Attorney Tang agreeing to withdraw her representation of all parties before this court and that she would not apply to resume practice in this court until after April 1, 2008. *In re Ace Holding, LLC*, No. 07-12342 (Bankr. N.D.N.Y. Nov. 23, 2007) (Doc. Nos. 72, 79).

Objection.[5]  Attorney Kingsley apparently thought he could reasonably rely upon Attorney Tang as local counsel to respond to the Claim Objection as he had previously in connection with other matters in the case.  As a result of this erroneous assumption, the Prenraat Estate did not respond to the Claim Objection.

The court sees no evidence that the Penraat Estate's default was willful or deliberate.  Nor is there any evidence that the Penraat Estate was engaging in a plan or strategy to advance its interest.  While Attorney Kingsley's decision not to respond to the Claim Objection himself may have been deliberate, that decision was based upon the erroneous assumption that his local counsel would respond and not a conscious decision that the relief be granted without opposition.  In addition, the Penraat Estate's actions once it received notice of the order disallowing its claim are consistent with a finding that its default was not willful in that it moved to reconsider the order in approximately thirty days.   Therefore, the court concludes that the entry of the order disallowing claim was not the result of willful conduct by the Penraat Estate.

*Meritorious Defense*

The second factor in the *American Alliance* standard for excusable neglect is whether or not the movant has a meritorious defense.  *Am. Alliance*, 92 F.3d at 61.  The "defense need not be ultimately persuasive at this stage" in the proceedings.  *Id.*  Rather, " '[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make.' "  *Id.* (quoting *Anilina Fabrique de Colorants v. Aakash Chems. and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)).  The Penraat Estate presented, as part of its proof of claim, a state court order and judgment and transcript of the same.  The Coxeters may dispute the amount of the claim, but

---

[5] While the parties stipulated that Attorney Tang was served electronically with the Claim Objection and the Order disallowing the claim of the Penraat Estate, both of these documents were served after Attorney Tang's ECF registration was terminated.  This fact is not crucial to the issue at hand, however, as there is no dispute that John Kingsley, Esq., the Penraat Estate's attorney of record, was served with these documents.

9

it appears to be uncontested that the Penraat Estate holds a valid state court order and judgment. While it has since come to light that the proof of claim may contain a miscalculation of interest and the claim may be unsecured if the judgment impairs the Coxeters' homestead exemption (*See* Mot. to Reconsider (Doc. No. 61) ¶ 6), that does not have an impact on the merit of the defense vis-à-vis granting reconsideration. Thus, the court concludes that the Penraat Estate possesses a potential claim and hence a meritorious defense.

### *Prejudice*

The final factor in the *American Alliance* standard for excusable neglect is the amount of prejudice to the non-movant. *Am. Alliance*, 92 F.3d at 59. As a general rule, "mere delay is not sufficient to demonstrate a sufficient level of prejudice." *In re Enron, Inc.*, 326 B.R. 46, 53 (Bankr. S.D.N.Y. 2005) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties in discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (citations omitted) (quoting *Davis*, 713 F.2d. at 916). The Bankruptcy Court for the Southern District has expanded this definition of prejudice somewhat, considering prejudice to the bankruptcy estate as well as the debtor. *See id.*

In the matter before the court, the Coxeters argue that they are prejudiced by the fact that if this large claim, which had been disputed from the onset, were allowed it would require them to fund in an additional $50,000 into their 10 percent plan. The Coxeters argue that this would render their plan unfeasible. Nevertheless, the Coxeters knew of the claim, having unsuccessfully litigated it in state court and having listed it on Schedule F of their petition. Moreover, despite their assertions that the claim has been disputed from the outset, there is no indication of this in the record until the Claim Objection was filed in March 2008. Additionally,

10

the delay between entry of the order disallowing the claim and the Penraat Estate's motion for reconsideration was a mere thirty-six days from service of the order.[6]

## CONCLUSION

The court generally disfavors defaults and its preference is for resolving matters on their merits. The equities in this case and the application of the Second Circuit factors weigh in favor of the Penraat Estate. Therefore, the motion to reconsider is granted. The Claim Objection (Doc. No. 34) shall be restored to the court's January 7, 2010 motion calendar at 9:00 a.m. Any opposition to the Claim Objection shall be filed and served no later than December 30, 2009.

It is SO ORDERED.

Dated: December 10, , 2009　　　　　　　　　　　　/s/ Robert E. Littlefield, Jr.
Albany, New York　　　　　　　　　　　　　　　　Hon. Robert E. Littlefield, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States Bankruptcy

---

[6] The Coxeters argue that the thirty-six day delay is actually quite lengthy as Rule 8002 only allows ten days for the filing of an appeal. This argument is ill-founded; the Penraat Estate has not filed an appeal of the court's order disallowing claim. Rather, it filed a motion for reconsideration under § 502(j), which is subject to the time limit for motions to reconsider under Rule 9024. *Tender Loving Care Health Servs., Inc. v. TLC Liquidation Trust*, 562 F.3d 158, 163 (2d Cir. 2009). Generally, motions to reconsider under Rule 9024 must be brought within one year of entry of the order at issue. *See* Fed. R. Bankr. P. 9024.